United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MARAVILLA,<br>Plaintiff,<br>v.<br>SSA COMMISSIONER,<br>Defendant. | Case No. 25-cv-00073-HSG<br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 18, 20 |

Defendant Commissioner of the Social Security Administration, acting in his official capacity, denied Plaintiff's application for disability insurance benefits under Title XVI of the Social Security Act. Dkt. No. 6, Administrative Record at 82, 96 ("AR").[1] Plaintiff seeks reversal of that decision and remand for either award of benefits or further proceedings. Dkt. No. 18. Defendant filed a cross-motion. Dkt. No. 20. The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion and **DENIES** Defendant's motion.

## I. BACKGROUND

Plaintiff is a 50-year-old man who is currently homeless and resides in Alameda County. AR at 40. Plaintiff was incarcerated from about 1996 to 2007, and reports experiencing significant traumatic events throughout his life. AR at 43, 52–53. Plaintiff filed an application for social security disability benefits on September 28, 2021, alleging disability beginning on his date of birth, July 9, 1975. AR at 17. Defendant denied Plaintiff's application, and upheld that

[1] Due to its size, the Administrative Record, filed as Dkt. No. 6, is broken into several parts. The Court refers to these documents collectively as the "AR," and cites to its internal pagination.

decision on reconsideration. AR at 82, 96.

Plaintiff appeared before an Administrative Law Judge ("ALJ") for a telephonic hearing on September 22, 2023. AR at 32–70. In a brief filed with the ALJ prior to the hearing, Plaintiff contended that he is disabled under the Social Security Act because he "has suffered from or continues to suffer from Major Depressive Disorder," "Anxiety and Obsessive-Compulsive Disorders," "Personality and Impulse-Control Disorders," and "Trauma and Stressor-Related Disorders." AR at 394. Plaintiff filed medical records pertaining to these asserted impairments before the hearing. AR at 426–648. The ALJ provided Plaintiff with two additional weeks after the hearing to supplement the administrative record with medical records from the Alameda County Santa Rita Jail, which Plaintiff timely filed. AR at 649–828. Upon a review of the full record, the ALJ found that Plaintiff is not disabled after following the five-step sequential evaluation process mandated for disability claims under 20 C.F.R. § 416.920. AR at 14–31.

Step One requires the ALJ to determine whether the claimant is working in "substantial gainful activity." *See* 20 C.F.R. § 416.920(b); *see also* 20 C.F.R. §§ 416.971 *et seq*. "Substantial work activity" is defined as "work activity that involves doing significant physical or mental activities." 20 C.F.R. § 416.972(a). And "gainful work activity," in turn, is defined as "work activity that you do for pay or profit." *Id.* at § 416.972(b). At Step One, the ALJ determined that Plaintiff had not been engaged in "substantial gainful activity" since the date of his initial application in September 2021. AR at 19.

Step Two directs the ALJ to determine whether the claimant has a severe impairment or combination of impairments that significantly limit his ability to work. *See* 20 C.F.R. § 416.920(c). Here, the ALJ found that Plaintiff satisfied this step because his post-traumatic stress disorder, substance-induced depressive disorder with psychotic features, and polysubstance use disorder constituted severe impairments that significantly limited his ability to perform basic work activities. AR at 19.

At Step Three, the ALJ determines whether the claimant's impairment, or combination of impairments, medically "meets or equals" an impairment listed in 20 C.F.R., pt. 404, subpt. P, Appendix. 1. *See* 20 C.F.R. § 416.920(a)(4)(iii), (d); *see also id.* at §§ 416.925, 416.926. "That

bureaucratic mouthful means the ALJ must see if the claimant's impairment matches the criteria for disabling conditions listed in the regulations." *Petrini v. Colvin*, No. 14-CV-01583-JD, 2015 WL 5071931, at *1 (N.D. Cal. Aug. 27, 2015), *aff'd sub nom. Petrini v. Berryhill*, 705 F. App'x 511 (9th Cir. 2017) (quotation omitted). At this step, the ALJ found against Plaintiff. AR at 20. Considering Plaintiff's impairments "singly and in combination," the ALJ determined that they did not meet or equal the criteria of any listing during the relevant period. *Id.*

The ALJ therefore proceeded to Step Four to determine Plaintiff's "residual functional capacity" (or "RFC") to perform work. *Id.* at 21–25. To determine a claimant's RFC, the ALJ must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms. *See* 20 C.F.R. § 416.929; *see also* Social Security Ruling ("SSR") 16-3p. The ALJ must consider all impairments, even those that are not severe. *See id.*; *see also* 20 C.F.R. § 416.945. Once the underlying impairment has been shown, the ALJ must then evaluate the intensity, persistence and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's work-related activities. *See* 20 C.F.R. § 416.929.

The ALJ assessed Plaintiff's RFC and whether it enabled him to work. In making this determination, the ALJ discounted Plaintiff's testimony concerning the severity of his symptoms, finding that they were "not entirely consistent with the medical record and other evidence in the record, or more precisely, the general lack thereof." AR at 22. The ALJ also considered the medical opinions of two doctors: Dr. Jacklyn Chandler and Dr. Laura Catlin. The ALJ found Dr. Chandler's opinion mostly persuasive, and found that Dr. Catlin's opinion, which was based on a one-time telephonic examination, was not persuasive and inconsistent with Plaintiff's lack of mental health treatment during the relevant period. AR at 24. Because Plaintiff did not have any past relevant work experience within the last 15 years, the ALJ proceeded to the fifth and last step.

At the last step, the ALJ must determine whether the claimant is able to do any other work given his RFC, age, education, and work experience. Based on these factors and the testimony of a vocational expert who appeared at the hearing, the ALJ found that Plaintiff is capable of finding work that exists in "significant numbers in the national economy." AR at 26. The ALJ thus

United States District Court
Northern District of California

concluded that Plaintiff is not disabled under the Act. *Id.*

## II. STANDARD OF REVIEW

The Court has jurisdiction to review final decisions of the Commissioner. *See* 42 U.S.C. § 405(g) ("The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."). The Court may disturb the Commissioner's decision to deny benefits only if the decision is not supported by substantial evidence or is based on legal error. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The threshold for "substantial evidence" is not high: "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek* ***v.*** *Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). "The evidence must be more than a mere scintilla, but may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1110–11 (9th Cir. 2012) (quotation omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The Court must consider the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). The ALJ is responsible for making determinations of credibility and for resolving evidentiary ambiguities, including conflicting medical testimony. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Additionally, the Court "may not reverse an ALJ's decision on account of an error that is harmless. The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina*, 674 F.3d at 1111 (quotation omitted).

## III. DISCUSSION

Plaintiff argues that the ALJ erred in denying his claim for disability benefits. First, Plaintiff contends that the ALJ failed to provide "clear and convincing" reasons for discounting his testimony regarding the severity of his symptoms. Mot. at 7–10. Second, Plaintiff argues that the ALJ's finding with respect to Dr. Catlin's opinion was not supported by substantial evidence.

*Id.* at 10–13. Finally, Plaintiff asserts that the ALJ's paragraph C criteria findings are not supported by substantial evidence. *Id.* at 13–14.

**A. Plaintiff's Subjective Statements**

Plaintiff contends that the ALJ erred by failing to provide specific, clear and convincing reasons for discounting his subjective statements about his condition. The Court agrees that the ALJ committed legal error by not specifying what part of Plaintiff's subjective testimony she found not credible and explaining the basis for that conclusion, and remands on this limited issue.

Where, as here, an ALJ determines that a claimant "is not malingering and has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms []he alleges, the ALJ may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015). The Ninth Circuit in *Brown-Hunter* stated:

> We hold that an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination. To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination.

*Id.* at 489. Thus, to satisfy the "clear and convincing reasons" requirement, "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* at 493 (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)). Failure to identify the testimony found not credible is legal error. *Id.* at 494. The question is not whether this Court writing on a blank slate necessarily would reach the same conclusion as the ALJ, but instead whether the ALJ's rationale is clear enough that it has "the power to convince." *Smartt*, 53 F.4th at 499. Ultimately, the clear and convincing standard requires an ALJ to "show his work." *Id.*

Here, the ALJ summarily stated in what appears to be boilerplate language that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms



United States District Court
Northern District of California

are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR at 22. The ALJ proceeded to summarize medical evidence in the administrative record that formed the basis of the RFC finding. *Id.* at 22–24. After finding that Plaintiff has a RFC that allows him to work, the ALJ stated that Plaintiff's "statements about the intensity, persistence and limiting effects of his symptoms" are "inconsistent with the medical evidence, or more precisely, the general lack thereof." *Id.* at 25.

The ALJ's approach here mirrors the one rejected by the Ninth Circuit in *Lambert v. Saul*, 980 F.3d 1266 (9th Cir. 2020). There, the ALJ determined that the plaintiff's testimony was "less than fully consistent with the evidence because, among other reasons, the plaintiff had "not generally received the type of medical treatment one would expect," and because the "record reflect[ed] significant gaps in [her] history of treatment and relatively infrequent trips to the doctor for the allegedly disabling symptoms." *Id.* at 1270. The ALJ provided a "relatively detailed overview of [the claimant's] medical history," but the Ninth Circuit found that "providing a summary of medical evidence is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible." *Id.* at 1278 (quoting *Brown-Hunter*, 806 F.3d at 494). Similarly here, the ALJ made generalized statements regarding Plaintiff's symptom testimony, summarized the medical record, and then concluded that Plaintiff's symptom testimony was not consistent with the medical records, in particular the absence of evidence of mental health treatment, without explaining why. AR at 22–25.

The Ninth Circuit has held that "the ALJ cannot rely on an *absence* of positive medical evidence to discredit a claimant's subjective symptom testimony." *Ferguson v. O'Malley*, 95 F.4th 1194, 1201 (9th Cir. 2024). But that is what the ALJ expressly did here. AR at 25; *see also LaRoque v. O'Malley*, No. 22-35975, 2024 WL 3355363, at *3 (9th Cir. July 10, 2024) (finding the ALJ committed legal error where she relied on the absence of medical treatment as undermining claimant's subjective symptom testimony). Although "an unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt on the sincerity of [a] claimant's pain testimony," the Ninth Circuit has "proscribed the rejection of a claimant's complaints for lack of treatment when the record establishes that the claimant could not afford it."

*Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999). Additionally, the Ninth Circuit has questioned the "practice [of] chastis[ing] one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (quotations omitted). The ALJ did not consider the evidence suggesting the likelihood that Plaintiff did not seek treatment in significant part due to his financial circumstances and the limitations stemming from his mental illness itself. *See LaRoque*, 2024 WL 3355363, at *3. (ALJ erred where she discounted symptom testimony due to claimant's failure to seek care, without considering his "homelessness and poor financial situation and the resultant limitation on his ability to seek medical care"). Here, as in *LaRoque*, it is undisputed that Plaintiff is homeless and experiences significant financial instability.

Defendant argues that the "ALJ reasonably concluded that if Plaintiff's impairments were as limiting as he claimed, he would have sought some form of specialized mental health treatment." Dkt. No. 20 ("Opp.") at 3.[2] But the ALJ "did not specifically identify any . . . inconsistencies; she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination," then reiterated her conclusion. *Brown-Hunter*, 806 F.3d at 494. Courts in this district have found the conclusory language used by the ALJ here insufficient. *See, e.g.*, *Chappell v. Saul*, No. 4:20-CV-05642 YGR, 2021 WL 3493749, at *7 (N.D. Cal. Aug. 9, 2021) (finding the same language insufficient and remanding). Additionally, the Court may not now itself fill in the supposed inconsistencies. *See Lambert*, 980 F.3d at 1278 (district court erred in "attempt[ing] to fill in the ALJ's reasoning"). The Court may not take "an unspecified conflict" and "comb the administrative record to find specific conflicts." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). It is the ALJ's responsibility to "specify which testimony she finds not credible, and then provide clear and convincing reasons" for rejecting it. *Brown-Hunter*, 806 F.3d at 489.

---

[2] As Plaintiff points out, Defendant also inaccurately states that Plaintiff never sought treatment for his allegedly disabling impairments during the relevant period. Opp. at 2. While the record might not reflect "specialized mental health treatment," it does show that Plaintiff sought treatment at the Tiburcio Valley Health Center, where he was prescribed an anti-depressant after consistently reporting anxiety and depression. AR at 527–28, 530–31, 534–35, 537, 539, 579–80, 585, 588–89, 591–92, 636.

The Court cannot find the ALJ's error harmless. Where the "ALJ found generally that the claimant's testimony was not credible, but failed to identify which testimony she found not credible and why," the ALJ's error was "not harmless because it precludes [courts] from conducting a meaningful review of the ALJ's reasoning." *Brown-Hunter*, 806 F.3d at 489. Here, the ALJ failed to specify the basis for her rejection of Plaintiff's symptom testimony, which precludes meaningful review of her decision. This alone is sufficient to find under *Brown-Hunter* that the ALJ's error was not harmless. Accordingly, the Court concludes that Plaintiff has shown that the ALJ erred in rejecting his symptom testimony without providing clear and convincing reasons for doing so, and **GRANTS** Plaintiff's motion for summary judgment as to this issue.

**B. Opinion of Dr. Catlin**

Plaintiff argues that the ALJ improperly discredited the opinion Dr. Catlin. Mot. at 10–13. The Court finds that the ALJ's assessment of Dr. Catlin's opinion is supported by substantial evidence.

For claims filed on or after March 27, 2017, like the one here, an ALJ will no longer "defer or give any specific evidentiary weight . . . to any medical opinion(s)" including those from treating physicians. 20 C.F.R. § 416.920c(a); *see* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68 (Jan. 18, 2017). The Ninth Circuit has confirmed that these changes to the SSA's regulations "displace our longstanding case law requiring an ALJ to provide specific and legitimate reasons for rejecting an examining doctor's opinion." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022) (quotation omitted). "For claims subject to the new regulations, the former hierarchy of medical opinions—in which we assign presumptive weight based on the extent of the doctor's relationship with the claimant—no longer applies." *Id.* Now, an ALJ's decision to discredit a medical opinion must simply be supported by substantial evidence. *Id.*

In reviewing medical opinions, an ALJ must "articulate . . . how persuasive" it finds "all of the medical opinions" based on several factors. 20 C.F.R. § 404.1520c(b). The ALJ must address the two most important factors: supportability and consistency. *Id.* Supportability is "the extent to which a medical source supports the medical opinion by explaining the 'relevant . . .

objective medical evidence.'" *Woods*, 32 F.4th at 791 (quoting 20 C.F.R. § 404.1520c(c)(1)). Consistency is "the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)). An ALJ may, but is not required to, explain how other factors were considered, including the source's relationship with the claimant, the length and purpose of the treatment relationship, the frequency of examinations, and the source's specialization. 20 C.F.R. § 404.1520c(b)(2), (c).

Dr. Catlin assessed Plaintiff during a one-time telephonic appointment in June 2023. AR at 637–48. She stated in her opinion that due to Plaintiff's mental conditions, he would miss four or more days of work on average per month, and that he would be off-task more than 20 percent of the time during the workday. AR at 646. The ALJ found this opinion unpersuasive. AR at 24. The Court finds that the ALJ did not commit reversible error in discounting Dr. Catlin's medical opinion. With respect to supportability, the ALJ found that Dr. Catlin's assessment of Plaintiff's limitations was not supported by her own mental status examination findings, in which Dr. Catlin noted that Plaintiff was largely within normal limits despite exhibiting symptoms of anxiety and depression. AR at 640. As to consistency, the ALJ reasoned that Dr. Catlin's opinion was inconsistent with Plaintiff's medical records, or more specifically, the "general lack of any mental health treatment during the relevant period." AR at 24. Plaintiff notes that the ALJ's opinion ignores his treatment at Tiburcio Vasquez Health Center (TVHC) in 2022 and 2023 and assessment by Dr. Chandler. But the ALJ did consider these records, AR at 23, and observed that the record reflected that Plaintiff had not sought specialized mental health treatment during the relevant period.

While there could have been other reasonable approaches to evaluating Dr. Catlin's opinion, this Court must defer to the ALJ when "evidence is susceptible to more than one rational interpretation." *Thomas*, 278 F.3d at 954. The ALJ's assessment of Dr. Catlin's opinion was not reversible error. *Luther*, 891 F.3d at 875.[3]

---

[3] It appears that the ALJ inaccurately described Dr. Catlin's opinion as finding that Plaintiff had "marked limitations across all four domains of mental functioning." AR at 24. Dr. Catlin

### C. Analysis of "Paragraph C" Criteria

Finally, Plaintiff argues that the ALJ erred in finding that his impairments did not meet or equal a listing. Mot. at 13–14. The ALJ evaluated whether Plaintiff met listings 12.04 (Depressive, bipolar and related disorders) and 12.15 (Trauma-and stressor-related disorders). AR at 20. Listings 12.04 and 12.15 have three paragraphs (A, B, and C), and a claimant's mental disorder must satisfy the requirements of paragraph A and either paragraph B or paragraph C. 20 C.F.R. Part 404, Subpt. P, App. § 12.00(A)(2). Plaintiff does not contest the ALJ's analysis of paragraphs A or B, but he argues that the ALJ's findings as to the paragraph C criteria are not supported by substantial evidence.

To satisfy the paragraph C criteria, a claimant's mental disorder must be "'serious and persistent'; that is, there must be a medically documented history of the existence of the disorder over a period of at least 2 years." *Id.* § 12.00(A)(2)(c). Additionally, the disorder must also satisfy both the C1 and C2 criteria. *Id.* § 12.00(G)(2)(a). The C1 criterion is satisfied with evidence that a claimant relies, on an ongoing basis, on medical treatment, mental health therapy, psychological support, or a highly structured setting to diminish signs and symptoms of the disorder. *Id.* § 12.00(G)(2)(b). The C2 criterion is satisfied with evidence that, despite diminished symptoms and signs, the claimant achieved only "marginal adjustment," meaning the claimant has minimal capacity to adapt to changes in his environment or to demands that are already part of daily life. *Id.* § 12.00(G)(2)(c). Marginal adjustment exists "when the evidence shows that changes or increased demands have led to exacerbation of [a claimant's] symptoms and signs and to deterioration in [his] functioning[.]" *Id.*

Here, after concluding that Plaintiff did not meet the criteria for paragraph B, the ALJ stated:

> In this case, the evidence fails to establish the presence of the "paragraph C" criteria because the claimant has only mild limitations in his ability to adapt or manage himself. The objective evidence in the record showed the claimant to have appropriate grooming, while

---

evaluated 32 areas of mental functioning, finding Plaintiff moderately limited in 19 of those areas and markedly limited in 16. AR 644–646, But this inaccuracy does not change the Court's finding that the ALJ's finding was based on substantial evidence.

> also being described as unkempt by the consultative examiner; and generally, no problem getting along well with providers and staff outside of his consultative examination. Moreover, mental status examinations largely found the claimant to have normal mood and affect. While the claimant endorsed auditory hallucinations, he failed to show any signs of external stimuli during his healthcare interactions (Exhibits 3F; 4F/7, 10, 17; 7F/4). These findings indicate that the claimant's ability to adapt is only mildly impaired and thus, does not meet the criteria required under Paragraph C.

AR at 20–21.

Plaintiff argues that the ALJ's reasoning is boilerplate and confuses paragraph B's criteria for adapting and managing oneself with paragraph C's criteria for marginal adjustment. The Court disagrees. The ALJ appropriately considered whether the Plaintiff is able to adapt to environmental changes or demands in accordance with the C2 criterion, finding that he had only "mild limitations" in his ability to do so. In other words, the ALJ determined that he was only mildly limited in his ability to adapt, meaning that he has more than minimal capacity to adapt to changes and did not satisfy the C2 criterion. Although the ALJ could have used more specific language that tracked the C2 criterion in making her determination, the Court finds that the ALJ's analysis does not amount to reversible error. *Luther*, 891 F.3d at 875. Accordingly, the Court **DENIES** the Plaintiff's motion with respect to this issue.

**D. Relief**

Finally, Plaintiff argues that rather than remanding for further consideration, the Court should remand for the immediate payment of benefits. The Social Security Act permits courts to affirm, modify, or reverse the Commissioner's decision "with or without remanding the case for a rehearing." 42 U.S.C. § 405(g); *see also Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). But "[r]emand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." *Luther*, 891 F.3d at 877–78 (citations omitted). It is only "rare circumstances that result in a direct award of benefits" and



United States District Court
Northern District of California

United States District Court
Northern District of California

"only when the record clearly contradicted an ALJ's conclusory findings and no substantial evidence within the record supported the reasons provided by the ALJ for denial of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2017).

Here, the ALJ erred for the reasons discussed in this order, but it is not clear that the ALJ would be required to find Plaintiff disabled. Accordingly, remand for further proceedings is appropriate.

## IV. CONCLUSION

The Court **GRANTS** in part Plaintiff's motion, Dkt. No. 18, and **DENIES** Defendant's cross-motion, Dkt. No. 20. The Court **REMANDS** to the SSA for further proceedings consistent with this order. The Clerk is directed to enter judgment in favor of Plaintiff and close the case.

**IT IS SO ORDERED.**

Dated: 9/15/2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge